# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**SANDRA E. KUHNS,**

    Appellant,

**v.**                                          Civil Action No. 3:10-CV-18
                                                 (BAILEY)

Bankruptcy Case Nos. 09-1296, 09-1326, 09-1496, 09-1585, 09-1800, 09-2012, 09-2013, 09-2179, 09-2247, 09-2313, 09-2315, 09-2332, 09-2377, 09-2444, and 09-2447

**UNITED STATES TRUSTEE,**

    Appellee.

## MEMORANDUM OPINION AFFIRMING ORDER OF THE BANKRUPTCY COURT

Pending before the Court is an appeal by Sandra E. Kuhns ("Kuhns") challenging the December 29, 2009, decision of the United States Bankruptcy Court for the Northern District of West Virginia. In that decision, the bankruptcy court ordered Kuhns and Stacia Fuller ("Fuller"), bankruptcy petition preparers, to turn over amounts paid in excess of $150.00 to the debtors in the above-captioned Chapter 7 bankruptcies. For the reasons that follow, the Court **AFFIRMS** the decision of the bankruptcy court.

## BACKGROUND

Sandra Kuhns is a bankruptcy petition preparer ("BPP") who together with another BPP, Stacia Fuller, does business as Fuller and Kuhns – Bankruptcy Advocates. These persons are not licensed attorneys, nor do they work under the supervision of a licensed

1

attorney. Between June and October 2009, Kuhns and Fuller prepared bankruptcy petitions and other documents for compensation in the 15 bankruptcies involved in this appeal. The fees charged range from $500.00 to $600.00.

On July 20, 2009, the United States Trustee (the "U.S. Trustee") moved the bankruptcy court in two of the cases to find that Kuhns had violated multiple provisions of 11 U.S.C. § 110, including an allegation that the fees she charged were excessive under section 110(h)(3)(A). Specifically, the U.S. Trustee argued the fees were excessive considering the value of the services Kuhns, as a non-attorney, could render. On July 2, 2009, August 20, 2009, and September 3, 2009, the bankruptcy court, acting *sua sponte*, issued a Show Cause Order in three of the cases directing Kuhns to appear and show cause why the court should not find she violated section 110 through the nature of the services she provided or the amount of compensation she received. At a September 10, 2009, hearing, however, the bankruptcy court directed the U.S. Trustee to meet with Kuhns and Fuller to work toward an agreed order, if possible, that would resolve the issues presented in the motion. The parties were then ordered to appear on October 14, 2009, to update the court concerning those efforts.

Prior to October 14, 2009, the parties were able to agree, *inter alia*, that: (1) a BPP may only perform secretarial or word-processing services, limited to typing or transcribing written documents or information provided by the prospective debtor; (2) a BPP may not provide any advice or information regarding bankruptcy law or procedures; (3) a BPP may not advertise that he or she can do more than type and transcribe written information provided by the debtor; (4) a BPP may only charge a fee for typing or word-processing

2

services; and (5) these limitations shall apply retrospectively[1] as well as prospectively. However, the parties could not agree upon the reasonable value of a BPP's services, as provided in the specific cases at issue, and the services Kuhns and Fuller would render in the future. Kuhns and Fuller had rejected, as arbitrary, the U.S. Trustee's suggestion to set a maximum fee at $150.00.

On December 10, 2009, the bankruptcy court conducted a hearing on the remaining issue of reasonable fees. Finding the case law "fairly well developed," the bankruptcy court noted that the common range of reasonable fees is approximately between $50.00 and $150.00. The court then adopted that range, finding that those courts had properly considered a BPP's limited role as a typist or word-processor. As such, the court set $150.00 as the presumptive ceiling, allowing Kuhns and Fuller the opportunity to present evidence that the fee should exceed that amount. After calling a debtor who testified that he believed the fee charged to be fair, Kuhns and Fuller rested. The court then allowed parties to make final summations. The U.S. Trustee argued that the BPP has the burden to show why he or she is entitled to a fee in excess of $150.00, and that Kuhns and Fuller failed to meet that burden. In response, Kuhns and Fuller argued that the debtor should be the benchmark of reasonableness based upon a free market. The U.S. Trustee replied that the determination of reasonableness is a function of the court, not the debtor or the BPP. Finding the record "quite bare," the court considered the limitations section 110 places on the services of a non-attorney, as well as the case law establishing a range of reasonable fees. Based upon an hourly rate of $50.00 and the assumption that a typical

---

[1]Shortly after the October 14, 2009, status conference, the parties were able to agree that the limitations would apply to the 15 above-captioned cases.

Chapter 7 bankruptcy petition would only require three hours of word-processing, the court determined that $150.00 is a reasonable fee.[2]

On December 29, 2009, the bankruptcy court entered an order containing the parties' agreements as outlined above and the court's conclusions with regard to the fees a BPP may charge.  The order also directs Kuhns and Fuller to refund the amounts paid in excess of $150.00 to the debtors in each of the above-captioned bankruptcies on or before June 30, 2010.  Kuhns appeals.

## DISCUSSION

### I.     Standard of Review

The district court sits as an appellate court in bankruptcy pursuant to 28 U.S.C. § 158(a), and reviews findings of fact for clear error and conclusions of law *de novo*.  *See* 28 U.S.C. § 258(a); **Valley Historic Ltd. P'ship v. Bank of New York**, 386 F.3d 831, 835 (4th Cir. 2007) (citing **Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch)**, 258 F.3d 315, 319 (4th Cir. 2001)).

A bankruptcy court's finding of a violation of 11 U.S.C. § 110 is reviewed under an abuse of discretion standard.  **Doser v. United States Trustee (In re Doser)**, 292 B.R. 652, 656 (D. Idaho 2003).  "As such, the Court must have a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached, before reversal is proper."  *Id.* (internal quotations and citation omitted).

---

[2]In so concluding, the bankruptcy court agreed with the U.S. Trustee that the burden is on the BPP to prove the reasonableness of a fee exceeding $150.00, and found that Kuhns and Fuller had failed to show that any of the bankruptcies required anything but typical Chapter 7 petitions.

4

## II. Analysis

Kuhns raises one issue on appeal, namely: whether the bankruptcy court abused its discretion in determining that Kuhns' fees were excessive. For the reasons that follow, this Court finds no abuse of discretion and affirms the decision of the bankruptcy court.

Section 110 of the Bankruptcy Code regulates the conduct of a "bankruptcy petition preparer," defined as any "person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing" in the bankruptcy court. *See* 11 U.S.C. 110(a). The unauthorized practice of law constitutes a "fraudulent, unfair, or deceptive act" within the context of section 110. *See* ***In re Bush***, 275 B.R. 69, 83 n. 26 (Bankr. D. Idaho 2002); ***In re Dunkle***, 272 B.R. 450, 456 (Bankr. W.D. Pa. 2002); ***In re Moffett***, 263 B.R. 805, 813 (Bankr. W.D. Ky. 2001). Defining the unauthorized practice of law pursuant to section 110, the bankruptcy court in Idaho found:

> [A] [BPP] cannot assist the debtor in completing forms, provide legal advice that would assist a prospective debtor in making determinations as to which type of bankruptcy to file or which exemptions to take, or direct clients to particular legal publications or specific pages so that they can attempt to find legal answers on their own. The very act of directing a prospective debtor to review a particular section of a legal book in and of itself constitutes legal advice. By focusing on one answer and excluding others, the [BPP] steps over the line.

*In re Bush*, 275 B.R. at 78-79.

That court then concluded that because a BPP can perform "only the modest service of transcribing or typing bankruptcy forms that the debtor alone must prepare without assistance," a BPP may only charge "what professional typists or word processors would charge." *Id.* at 84-85. Thus, as the bankruptcy court correctly noted, the proper starting point for determining the reasonableness of the fee a BPP charges is the understanding

5

that section 110 limits a BPP's compensation to typing services.[3]

Next, bankruptcy courts often consider the complexity of the bankruptcy for which the BPP is preparing the petition. See *In re Doser*, 281 B.R. 291, 314 (Bankr. D. Idaho 2002) (describing the Dosers' bankruptcy as "a simple, straightforward consumer Chapter 7 case" and noting that "[f]ew Chapter 7 cases will involve a simpler set of bankruptcy paperwork"). In so doing, bankruptcy courts have concluded that an unremarkable Chapter 7 bankruptcy should require only three hours to prepare the petition. See *Id.* at 318; *In re Moore*, 283 B.R. 852, 859 (Bankr. E.D. N.C. 2002). Finally, bankruptcy courts determine a reasonable hourly fee akin to that of a typist. See *In re Doser* 281 B.R. at 318 ($30.00 per hour); *In re Moore*, 283 B.R. at 859 ($40.00 per hour); *In re Moran*, 256 B.R. 842 (Bankr. D. N.H. 2000) ($30.00 per hour).

Here, the bankruptcy court carefully followed this pattern. First, after allowing Kuhns and Fuller the opportunity to show that the cases presented "unusual or unduly complicated issues," the court found nothing to suggest that the cases were "anything more than . . . simple Chapter 7 consumer case[s]." As such, the court recognized that the typing services should not require more than three hours. Finally, taking the upper end of the range presented by the case law as well as the amount used as a negotiating point among the parties, $150.00, the court noted that $50.00 per hour is a "generous fee." Based upon this analysis, the bankruptcy court ordered the refund of any amount paid in excess of $150.00.

In conducting its analysis, the bankruptcy court committed no abuse of its discretion.

---

[3]The Court notes that most, if not all, of the bankruptcy documents "prepared" by the appellant are handwritten, not typed.

In fact, the bankruptcy court used its discretion to choose the upper end of an acceptable range of fees, resting upon what this Court agrees is a "generous fee."[4]  Moreover, the bankruptcy court did not abuse its discretion in ordering the refund. Instead, the court was simply following section 110(h)(2), which states that a court "shall disallow and order the immediate turnover to the bankruptcy trustee of any [BPP] fee . . . found to be in excess of the value of the services rendered for the documents prepared.  Accordingly, this Court finds that reversal of the decision of the bankruptcy court would be improper.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the bankruptcy court's decision should be, and hereby is, **AFFIRMED**.  It is further **ORDERED** that this appeal should be, and hereby is, **DISMISSED** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the Clerk of the United States Bankruptcy Court for the Northern District of West Virginia.

---

[4] *See **In re Ali**, 230 B.R. 477 (Bankr. E.D. N.Y. 1999) ($25.00); **In re Guttierez**, 248 B.R. 287 (Bankr. W.D. Tex. 2000) (no more than $50.00); **In re Burdick**, 191 B.R. 529 (Bankr. N.D. N.Y. 1996) ($50.00); **In re Cordero**, 185 B.R. 882 (Bankr. M.D. Fla. 1995) ($50.00); **In re Cochran**, 164 B.R. 366 (Bankr. M.D. Fla. 1994) ($50.00); **In re Landry**, 250 B.R. 441 (Bankr. M.D. Fla. 2000) ($50.00); **In re Moore**, 283 B.R. 852 (Bankr. E.D. N.C. 2002) ($80.00); **In re Hartman**, 208 B.R. 768 (Bankr. D. Mass. 1997) ($100.00); **In re Evans**, 153 B.R. 960 (Bankr. E.D. Pa. 1993) ($100.00); **Hastings v. United States Trustee (In re Agyekum)**, 225 B.R. 695 (B.A.P. 9th Cir. 1998) ($125.00); **In re Mullikin**, 231 B.R. 750 (Bankr. W.D. Mo. 1999) (no more than $150.00); **In re Moran**, 256 B.R. 842 (Bankr. D. N.H. 2000) (no more than $150.00); **In re Rojero**, 399 B.R. 913 (Bankr. D. N.M. 2008) ($170.00).

7

**DATED**: May 18, 2010.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE